## Case No. 433.

### ANONYMOUS.

[1 Brunner, Col. Cas. 29;¹ 2 Hayw. (N. C.) 378.]

Circuit Court, D. North Carolina. 1805.

INTEREST—LIABILITY OF BAIL FOR.

In a scire facias against bail, interest is not allowed on the judgment rendered against the principal.

At law.

---

## Case No. 434.

### ANONYMOUS.

[1 Brunner, Col. Cas. 74;¹ 3 Day, 308.]

Circuit Court, D. Connecticut. April, 1809.

¹[Reported by Albert Brunner, Esq., and here reprinted by permission.]

1FED.CAS.—63

---

## Case No. 435.

### ANONYMOUS.

[1 Car. Law Repos. 190.]

District Court, D. Massachusetts. Feb. 6, 1813.

[The case reported without title in 1 Car. Law Repos. 190. is the same as Hooper v. The Hiram, Case No. 6,675.]

---

## Case No. 436.

### ANONYMOUS.

[1 Car. Law. Repos. 346.]

District Court, D. New York.

[The case reported without title in 1 Car. Law Repos. 346, is the same as U. S. v. Coit, Case No. 14, 829.]

---

## Case No. 437.

### ANONYMOUS.

[4 Chi. Leg. News, (1872,) 210.]

District Court, S. D. Ohio.

BANKRUPTCY — FEES OF MARSHAL AS MESSENGER.

[1. The fees to be allowed to a marshal as messenger are those specifically enumerated by law, and such other fees as he shows himself to have earned, the items of which are determinable by analogy to the fees allowed the marshal for similar services.]

[2. Where a marshal sends a process by mail to his deputy in a distant county, he is entitled to be paid mileage on such process; but, where he sends a deputy from the court house to a distant county for service, he is entitled to the reasonable expenses of the deputy, but not to mileage.]

[3. A messenger cannot charge commission on his own cost bill.]

In bankruptcy.

Report of BALL, Register. This matter comes before the court on appeal from the decision of the register at Columbus, to whom this cause was referred, whereby he sustains the exceptions taken by the assignee to the bill of costs of the messenger. The messenger now seeks redress from the court, and the court by its special order, dated October 20, 1871, has referred the matter to me to examine the law and the evidence and report thereon; and having examined all the evidence submitted by each party, and the arguments of counsel for the assignee and of the messenger in person, I have now, the honor to make my report.

The charges made by the marshal and excepted to, are as follows:

| | | |
|---|---|---|
| 1st. July 28, 1870. Serving the original order in Mercer Co. with copies of the petition, and mileage....... | $ 37 | 75 |
| 2nd. July 28. Serving warrant at same time and expenses of deputy....... | 78 | 90 |
| 3d. March 17. Serving copies of order and mileage .................... | 21 | 50 |
| 4th. March 18. Copy of warrant, mileage, and cost of advertising........ | 12 | 60 |
| 5th. March 18. Notice to creditors by mail, service, postage and mileage.. | 12 | 90 |
| 6th. Apr. 21. Serving order in Mercer Co., copy and mileage............ | 21 | 50 |
| 7th. Apr. 21. Copies of inventories, $5.76, commission for distributions, $5.56 ........................... | 11 | 32 |
| 8th. Apr. 8. Postage and materials.. | 1 | 30 |
| 9th. 1870. Two keepers' fees from February 2nd to May 2nd, 90 days, at $2.50 per day each................ | 450 | 00 |
| Expenses and keeping horses, not ascertained, in addition to these items, he claims in his reply to the assignee, "for care, trouble and responsibility incurred in this case," for 9 months, an allowance of.................. | 100 | 00 |

No affidavit showing the items of his disbursements, that the same were actually paid and were necessary and reasonable, is annexed by the marshal to his fee bill, but for the purposes of this examination, I will assume that the same has been filed. No evidence or statement has been furnished as to the nature of the services involving "care, trouble and responsibility," rendered by the marshal beyond the services necessarily attendant on the service of process, for which he claims an allowance of $100 beyond taxable costs, and therefore I am unable to express any opinion upon it.

In testing the amount of the costs taxable to the marshal as messenger, the court will be governed by the 47th section of the bankrupt act and by rule 12 of the supreme court, but it was evident that it was not the intention of congress to limit the fees of the marshal for all services which he may probably render to the four items enumerated in that section, because the section further provides "that for cause shown, and upon hearing thereon, such further allowance may be made as the court in its discretion may determine." In view of the statute and of the rule, and of the authorities cited, it seems to me clear, that rules to be observed in taxing costs to the messenger, are: First. To allow him such fees as are specifically enumerated by law, and secondly, such other fees not included in the enumerated fees as he may show himself to have earned; the items of which are to be determined by analogy to those allowed for similar services rendered by the marshal in this court, in cases at common law and in chancery. I think if he sends process by mail to his deputy in a distant county for service, he is entitled to mileage on that process, and if he sends a deputy from the court house to such distant county for service, he is entitled to be paid the reasonable expenses of such deputy, but in that event he is not entitled to mileage. Believing this to be a correct view of the law, and substantially the same as it has been administered by this court in this district; I now proceed to retax the cost bill under consideration, with this remark, that although the administration of the bankrupt law and its operation on bankrupts' effects are uniform in all the judicial districts of the United States, the duties imposed upon the officers acting under the law, and the taxation of their costs, are not. Neither section 47 nor rule 12 specifies all the services which the marshal as messenger may be called upon to perform, and, therefore, no tariff of fees covering all the acts which the messenger may be called upon to perform, has been prescribed, either by congress or the supreme court, but the taxation of such fees is left to the discretion of the court.

Cost bill as retaxed:

| | | |
|---|---|---|
| Jan. 28. 1870. To serving five defts. and parties in Mercer Co. with order .......................... | $ 10 | 00 |
| Jan. 28. Three copies petition on defts. $6.00, copies. $2.25......... | 8 | 25 |
| Jan. 28. Warrant of seizure, $2.00; 1 copy, $1.50..................... | 3 | 50 |
| Jan. 28. To expenses deputy sent to Mercer Co., $29.30, telegrams..... | 31 | 90 |
| Jan. 28. Wages, deputy in possession, 9 days after seizure, at $2.00.. | 18 | 00 |
| Mch. 18. Serving order adjudication on two parties, $4; copy, 50c; mileage, $17......................... | 21 | 50 |
| Mch. 18. Preparing notice publication, 40c; paid printers, $9.60..... | 10 | 00 |
| Mch. 18. Preparing notice 1st meeting, $7.60; services, $3.00; postage. $1.00..................... | 11 | 60 |
| Apr. 21. Serving order on two keepers to deliver, $4; copy, 50c....... | 4 | 50 |
| Apr. 21. Copies of inventories..... | 5 | 76 |
| May 2. 90 days' keeper's fees, at $2.00 each per day..................... | 360 | 00 |
| Total ........................ | $485 | 01 |

The messenger is also entitled to be refunded the sum paid for keeping horses, when ascertained.

There is no rule of law or practice, authorizing the messenger to charge a commission upon his own cost bill. There is no analogy between such a claim and a claim for two per cent. against the government allowed him by law, upon his disbursements for the expenses of the courts in the payment of jurors, witnesses and others, out of the funds placed in his hands for such purposes. The charge of $1.30 for postage and material is, I think, covered by the amounts which I have above allowed. If it should appear that the deputy who was sent to Mercer county, acted as one of the keepers of the property seized, then, inasmuch as such fees are already included in the item of $360, the item of $18 above allowed him for nine days should be stricken out, which would reduce my finding to $467.01. I have been obliged to consider this matter without having all the papers in the cause before me, and was, therefore, obliged to grope somewhat in the dark, and may, therefore, have made mistakes. It seems to be conceded on the part of the assignee, that the marshal performed his duty promptly and faithfully, and to the entire satisfaction of the petitioning creditors, and, therefore, if I have leaned at all it has been on the side of the marshal. His bill of costs, however, is too vague to serve as a precedent hereafter. He should have stated the kinds of processes served and also the number of notices sent by him, and also, what expenses were paid and to whom, so that the court could judge whether they were correct and necessary but it is a matter of long standing, and lapse of time increases the difficulties attendant upon the ascertainment of the exact amounts due him, with judicial certainty.

Respectfully submitted.